UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                   )
WILMA L. BRADLEY                   )
5321 Manchester Drive              )
Suitland, MD  20745                )
                                   )
                Plaintiff,         )
                                   )
        v.                         )  Civil Action No.
                                   )
MICHAEL JOHANNS, SECRETARY         )
UNITED STATES DEPARTMENT           )
OF AGRICULTURE                     )
1400 Independence Ave., S.W.       )
Washington, DC 20250               )
                                   )
                Defendant.         )
_____)
```

## COMPLAINT

1. Plaintiff Wilma Bradley brings this action for injunctive relief and damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereafter "ADEA").  The United States Department of Agriculture (hereafter "the Agency" or "Defendant" or "USDA") discriminated against Ms. Bradley based upon her age (DOB 06/09/48) when it selected a younger, less qualified candidate for the Lead Correspondence Review Specialist position and retaliated against her for engaging in activities protected by ADEA and Title VII.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4), 42 U.S.C. § 2000e-5, and 29 U.S.C. § 626.

3. The claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Ms. Bradley. Venue is appropriate in this Court under 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3).

4. The employment records relevant to such unlawful discriminatory practice are maintained and administered in whole or in part in this judicial district. Moreover, the Agency has its principal office in this district.

## PARTIES

5. Wilma Bradley is currently employed as a Correspondence Review Officer (hereafter "CRO") in the Office of the Executive Secretariat (hereafter "OES").

6. Defendant Michael Johanns is the Secretary for the United States Department of Agriculture ("USDA"). The Secretary is being sued in his official capacity as provided by law based on his executive responsibility for administering USDA personnel policies and his responsibility to enforce and to promote equal employment opportunity throughout the USDA. During the relevant time period, the USDA has employed over 500 employees.

7. Bruce Bundick, is not a Defendant in this lawsuit but was named in Ms. Bradley's EEO and EEOC complaints as a discriminatory official. Mr. Bundick is one of the management officials most directly involved in taking adverse actions against

Ms. Bradley because of her age and in reprisal for engaging in protected activities. Mr. Bundick was one of the Agency officials directly responsible for denying Ms. Bradley a promotion to the Lead CRS position, creating a pretext to hide his discriminatory motives and then retaliating against Ms. Bradley.

## FACTS

8. The averments set forth in paragraphs 1 through 7 are adopted and incorporated herein by reference.

9. Ms. Bradley is a fifty-eight year old African-American female who began working for the federal government in 1978 as a secretary.

10. Ms. Bradley began working at the OES as a Correspondence Analyst in August 1992, a position that later became a CRO at OES in 1992.

11. On or about July 16, 2002, OES posted a position for a Lead Correspondence Review Specialist (hereafter "Lead CRS"), a position created by Mr. Bundick.

12. Mr. Bundick appointed Ms. Tavia Hollenkamp, a former subordinate at the Forest Service, as the Subject Matter Expert ("SME") for the position in question.

13. On or before August 19, 2002, Ms. Bradley submitted her application for the Lead CRS position.

14. On or about February 11, 2003, Ms. Bradley contacted Ms. Dorene Lynnie Jones to inquire about the Lead CRS position. Ms. Jones informed Ms. Bradley that she had not qualified for an interview with the selecting official. Ms. Jones also informed Ms. Bradley that she had not made the best-qualified list. Shocked, Ms. Bradley expressed her surprise, given her long years of service in OES, and inquired as to the ratings that were used to create the best-qualified list. Ms.

Jones informed Ms. Bradley that Mr. Bundick had used Ms. Hollenkamp as the SME and that she had rated a 17 where the highest score was a 27. Ms. Bradley knew right away that something was amiss with the selection process.

15. Shortly thereafter, Mr. Budick began interviewing candidates for the Lead CRS position.

16. On or about March 3, 2003, Ms. Bradley contacted the EEO office to initiate a discrimination complaint. She was aware that, in September 2000, Mr. Bundick had had a conversation Doris Kitchings, the former Deputy Director, about the staff at OES. Mr. Bundick had made a list of the employees, the majority of which had the most seniority within OES, and indicated that a "clean sweep" of the office was needed.

17. Shortly thereafter, after reviewing the best qualified list for the Lead CRS position, Ms. Jones discovered that the rating score was done improperly. Concerned, she called the SME, Ms. Hollenkamp, and asked her how she'd arrived at her scoring. Ms. Hollenkamp responded that she had developed her own scoring criteria instead of using an approved crediting plan which should have been provided by Mr. Bundick. Curiously, the crediting plan was missing. Ms. Jones directed Ms. Hollenkamp to re-rate the applications based on a crediting plan provided to her by Mr. Bundick. She also informed Mr. Bundick that the rating would have to be repeated and a new certificate of eligibles would be distributed.

18. Mr. Bundick ceased the interview process until he received a new certificate of eligibles. Curiously, Ms. Bradley now suddenly ranked among the "best qualified" and appeared on the certificate of eligibles for the Lead CRS position.

19. On or about March 10, 2003, Cristina Ward of OES called Ms. Bradley to inquire whether she was still interested in the Lead CRS position. Ms. Ward asked Ms. Bradley if she wanted to interview with Mr. Bundick. Ms. Bradley, confident that she was more than qualified for the position, accepted the invitation to interview with Mr. Bundick.

20. On or about April 18, 2003, Mr. Bundick interviewed Ms. Bradley.

21. On or about May 1, 2003, Mr. Bundick informed Ms. Bradley that he had selected an outside candidate, Cynthia Briggs, for the Lead CRS position.

22. Ms. Briggs was younger and far less qualified than Ms. Bradley.

23. Ms. Bradley had extensive correspondence experience, had demonstrated her ability to manage and was considered the "go-to" person by her colleagues. She also had strong leadership skills and had served as Acting Director in the absence of Mr. Bundick. Ms. Bradley was more than qualified for the Lead CRS position and was a far superior candidate than the selectee, Ms. Briggs.

24. Mr. Bundick's selection of a younger candidate was consistent with his previous hirings. From 2000-2003, Mr. Bundick hired twelve new employees. Of those twelve, eleven, or ninety-one percent, were younger than Ms. Bradley.

25. Mr. Bundick's blatant favoritism of younger employees displayed itself at OES frequently. For example:

    a. Mr. Bundick recommended that only two of his youngest staff members, Ngozi Abolarin and Brad Eickholt, both hired in 2001, to receive top security clearances. Ms. Abolarin and Mr. Eickholt were both CROs, the same position held as Ms. Bradley.

    b. Mr. Bundick selected Ms. Abolarin and Mr. Eickholt for special tasks to groom them and to give them an opportunity to better qualified for future promotions. This favoritism included:

        i. Interviewing candidates for the summer internship program.

        ii. Attending high-level meetings such as the Federal Council of Executive Secretariats, E-Government and the Executive Secretariat.

    c. In or around February 2003, Mr. Bundick selected Ms. Abolarin for an Associate Deputy Director position, a supervisory role, even though she had no management or supervisory experience. She had only been at OES for a little over a year when Ms. Bundick promoted her to this position.

    d. Mr. Bundick approved a detail for Mr. Eickholt to a Writer/Editor position so he could gain experience to fill that same type of position at a later date.

26. On or about June 12, 2003, Ms. Bradley initiated a formal complaint with the EEO. Shortly thereafter, the EEO office informed Mr. Bundick and Ms. Abolarin of Ms. Bradley's discrimination complaint.

27. On or about July 14, 2003, just a month after filing her formal EEO complaint, Mr. Bundick did not approve an award to Ms. Bradley, Alison Worrall and Randall Carter for their contribution and participation to a special project.

28. In or around December 2003, the Agency denied Ms. Bradley a year-end cash award.

29. On or about June 15, 2004, the Agency, once again in retaliation for filing her complaint, bypassed Ms. Bradley for any cash awards, despite her significant contributions to the department. In fact, the Agency gave awards to Ms. Bradley's co-workers for work which was comparable or even inferior to that of Ms. Bradley's.

30. On July 15, 2004, Ms. Bradley amended her complaint to include the Agency's retaliatory actions.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

31. Ms. Bradley re-alleges paragraphs 1 - 30 and incorporates them fully herein.

32. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has discriminated against her on the basis of her age (06/09/48) by denying her employment opportunities and subjecting her to adverse and disparate treatment. Ms. Bradley further alleges that these acts violate the ADEA, as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

33. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of promotion opportunities, loss of past and future salary,

benefits and entitlements, loss of professional status and career-enhancing opportunities.

34. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

35. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADEA AND TITLE VII

36. Ms. Bradley re-alleges paragraphs 1-35 and incorporates them fully herein.

37. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has retaliated against her for her opposition to Defendant's unlawful employment practices, her participation in protected activity and the EEO/EEOC process. As a result of the retaliation, Ms. Bradley has been subjected to adverse and disparate treatment. Ms. Bradley further alleges that these acts violate Title VII, the ADEA, as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

38. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but

are not limited to, loss of past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities.

39. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

40. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests this Court to:

    A.    Enter judgment for Plaintiff against Defendant on all Counts.

    B.    Declare that the conduct of Defendant is in violation of the Age Discrimination in Employment Act;

    C.    Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

    D.    Award Plaintiff equitable relief, such as back pay, front pay, future losses, loss of benefits, and other economic losses and entitlements retroactive to the date of the unlawful action found to have occurred in this case;

    E.    Order Defendant to promote Plaintiff into the Lead Correspondence Review Specialist position, GS-301-12, and/or into a comparable GS-12 level position;

F.      Enjoin Defendant from future retaliation and discrimination against Plaintiff;

G.      Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

H.      Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest; and

I.      Order such other equitable and legal relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this Complaint.

Dated: December 14, 2006

Respectfully submitted,

_____
Camilla C. McKinney, Esq.
DC Bar No. 448776
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934 (telephone)
(202) 517-9111 (facsimile)
***Attorneys for Plaintiff Wilma Bradley***

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
WILMA L. BRADLEY
5321 Manchester Drive
Suitland, MD 20745

## DEFENDANTS
MICHAEL JOHANNS, SECRETARY, U.S. DEPARTMENT OF AGRICULTURE
1400 Independence Ave., S.W.
Washington, DC 20250

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Camilla C. McKinney, Esq.
Law Offices of Camilla C. McKinney, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934 (telephone)

CASE NUMBER  1:06CV02129
JUDGE: Richard W. Roberts
DECK TYPE: Employment Discrimination
DATE STAMP: 12/14/2006

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Denial of rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. & Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/14/06    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.