UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILMA L. BRADLEY** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MICHAEL JOHANNS, SECRETARY** )<br>**UNITED STATES DEPARTMENT** )<br>**OF AGRICULTURE** )<br>)<br>Agency. )<br>) | Civil Action No.   1:06CV2129 (TFH) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
PARTIAL MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff, by and through her undersigned counsel, hereby respectfully responds to Defendant's Partial Motion to Dismiss and for Summary Judgment. In support thereof, Plaintiff states as follows:

Defendant filed a Partial Motion to Dismiss and for Summary Judgment with respect to Count II of Plaintiff's Complaint alleging retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (hereafter "ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII"). Count II of Plaintiff's Complaint alleges that Plaintiff was retaliated against when:

1) On or about July 14, 2003, just a month after filing her formal EEO complaint, Mr. Bundick did not approve an award to Ms. Bradley, Alison Worrall and Randall Carter for their contribution and participation to a special project. (Complaint at ¶27)

2) In or around December 2003, the Agency denied Ms. Bradley a year-end cash award. (Complaint at ¶28)

3) On or about June 15, 2004, the Agency, once again in retaliation for filing her complaint, bypassed Ms. Bradley for any cash awards, despite her significant contributions to the department. In fact, the Agency gave awards to Ms. Bradley's co-workers for work which was comparable or even inferior to that of Ms. Bradley's. (Complaint at ¶29)

Defendant did not seek dismissal of Count I of Plaintiff's complaint which essentially alleges age discrimination in violation of the ADEA for the Agency's failure to promote Plaintiff to the Lead Correspondence Review Specialist position. This claim is not challenged by Defendant in its Motion and no dismissal of this claim is being sought.

Plaintiff disagrees with the averments in Defendant's Partial Motion to Dismiss and for Summary Judgment and believes that she could maintain her allegations in Count II.

However, for the sake of narrowing the issues, and focusing her claims, Plaintiff will concede to the dismissal of the three retaliation claims enumerated above which constitute Count II of the Complaint. Plaintiff will continue her case against Defendant based upon Count I and maintains those claims.

Plaintiff, however, while not seeking to pursue these claims as a separate retaliation count, does not concede the evidentiary relevance of these claims and the potential admissibility of these facts into evidence to prove her claims of discrimination. It is well established that a Plaintiff may seek to admit into evidence allegations of untimely or dismissed discriminatory acts as relevant background evidence supportive of Defendant's discriminatory motive. See United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1997)("a discriminatory act which is not made the basis of a timely charge … may constitute relevant background evidence"); Campbell v. AMTRAK, 163 F.Supp.2d 19, 27 (D.D.C. 2001)(allegations of discrimination which do not constitute a separate claim may still be used to establish the existence of systematic

discrimination); <u>Villines v. United Brotherhood of Carpenters & Joiners</u>, 999 F.Supp. 97 (D.D.C. 1998)("the court's elimination of these untimely events does not preclude their admissibility in later proceedings"); <u>Aka v. Washington Hospital Center</u>, 116 F.3d 876 (D.C. Cir. 1997) (noting that although the plaintiff could not present specific hiring decisions as separate grounds for relief, he may nevertheless introduce evidence regarding these later job applications in pressing those claims that survive Washington Hospital's summary judgment motion).

Additionally, Plaintiff does not concede her right to bring future claims of retaliation which are separate from the allegations in Count II.

Accordingly, for the forgoing reasons, Plaintiff concedes to the dismissal of her retaliation claims in Count II of her Complaint and as set forth in Paragraphs 27-29 of her Complaint.

Dated: July 20, 1007                             Respectfully submitted,

_____/s/_____
Camilla C. McKinney, Esq.
McKinney & Associates, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934/(202) 517-9111 (fax)
Attorneys for Plaintiff Wilma Bradley

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2007, I caused a true and correct copy of the foregoing Plaintiff's Response to Defendant's Partial Motion to Dismiss and for Summary Judgment to be served electronically, via the CM-ECF system, to:
ROBIN M. MERIWEATHER
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
Phone: (202) 514-7198; Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

_____/s/_____
Camilla C. McKinney