UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
WILMA L. BRADLEY                              )
                                              )
                    Plaintiff,                )
                                              )
          v.                                  )  Civil Action No. 06-2129 (TFH)
                                              )
MICHAEL JOHANNS, SECRETARY                    )
UNITED STATES DEPARTMENT                      )
OF AGRICULTURE                                )
                                              )
                    Defendant.                )
_____)

JOINT LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, hereby provide this Report to the Court, in accordance with Local Rule 16.3(c) and Federal Rule of Civil Procedure 26(f).

<u>Plaintiff</u>

Plaintiff Wilma Bradley brings this action for damages based on the denial of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (hereafter "ADEA"). The Defendant discriminated against Ms. Bradley based upon her age (DOB 06/09/48) when it selected a younger, less qualified candidate for the Lead Correspondence Review Specialist position.

<u>Defendant</u>

Defendant denies that it discriminated against Plaintiff when it did not select her for the position of Lead Correspondence Review Specialist. Plaintiff will be unable to establish a *prima facie* case of age discrimination. In the alternative, Defendant will be able to establish that the selectee was the strongest candidate and was more qualified than plaintiff.

In addition, pursuant to Local Rule 16.3(c), the parties state the following:

1.  Dispositive Motions:  Defendant filed a Motion to Dismiss, or in the Alterative, for Summary Judgment to dismiss Plaintiff's retaliation claims in Count II of Plaintiff's Complaint.  Plaintiff conceded to dismissal of the retaliation claims in Count II.  Plaintiff does not believe that further filing of dispositive motions by the Defendant will resolve the matter.  Defendant believes that this case can be resolved with dispositive motions, specifically, a motion for summary judgment.

2.  Joinder of Parties/Amendment of Complaint/Narrowing of Issues:  The parties do not anticipate that any additional parties will be joined, or that the issues in the case can be further narrowed prior to discovery or trial.  Plaintiff currently has an outstanding EEO Complainant with the Agency which alleges that Defendant discriminated against her based on her age and in reprisal for prior protected activity when she was not selected for the position of Lead Program Liaison Specialist, GS-0301-12, Vacancy Announcement No. OES-07-096A and OES-07-096B.  These claims are currently being administratively processed and Plaintiff intends to seek to amend the Complaint to add these claims.

3.  Magistrate:  The Parties do not consent to referral of the case to a Magistrate Judge for trial.  The parties propose that discovery matters and settlement discussions be referred to a Magistrate Judge at the Court's discretion.

4.  Possibility of Settlement:  Plaintiff believes that there is a possibility that the case could be amicably resolved and requests that the case be referred to ADR for a period of 30 days prior to engaging in discovery.  Defendant believes that settlement discussions would not be beneficial prior to discovery, but requests that

the case be referred to ADR at the conclusion of discovery, prior to the submission of dispositive motions.

5.  <u>ADR</u>: Plaintiff believes that ADR may be appropriate and requests that the case be referred to ADR for a period of 30 days prior to engaging in discovery. Defendant believes that ADR would not be beneficial prior to discovery, but requests that the case be referred to ADR at the conclusion of discovery, prior to the submission of dispositive motions.

6.  <u>Motions</u>:  Plaintiff does not believe that the case can be decided by dispositive motion.  Defendant believes that the case can be decided by dispositive motion, and anticipates filing a motion for summary judgment.  The parties propose that any motion for summary judgment shall be filed within forty-five (45) days after the close of discovery; that the responding party shall also have forty-five (45) days to file an Opposition; and that fifteen (15) days shall be allowed for any Reply.

7.  <u>Initial Disclosures</u>: The parties agree to dispense with the requirements of Fed. R. Civ. P. 26(a)(1).

8.  <u>Discovery</u>:  Plaintiff requests that 180 days be granted for discovery if efforts at ADR are unsuccessful.  Plaintiff anticipates filing a Motion to Amend prior to the discovery deadline.  If the Motion to Amend is granted, Plaintiff may seek to extend the discovery period for the amended retaliation claims.  Defendant agrees that 180 days is a reasonable period of time for discovery, but proposes that discovery commence prior to ADR; however, if the Court grants Plaintiff's proposal to hold ADR prior to the conclusion of discovery, Defendant proposes

that the 180-day period for discovery begin to run after any ADR session(s) have been held.  If Plaintiff obtains leave to amend the complaint, Defendant agrees that an extension of the discovery period would be appropriate.   The parties propose that each party should be limited to ten (10) depositions and thirty (30) interrogatories, although it is understood that one or both parties may seek leave from the Court to increase this limit at a future time.  The parties anticipate that they will be filing a joint protective order.

9.    Experts:  Plaintiff anticipates that she will be relying on expert witnesses.  The Parties propose that any expert reports be served within hundred (100) days after the beginning of discovery, and that any rebuttal expert reports be served forty-five (45) days after Plaintiff's report.   The parties propose that the parties be permitted to take depositions of experts within 45 calendar days of service of their reports, or before the close of discovery, whichever is later.   With the exception of the foregoing proposals, the parties agree to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2).

10.   Class Action:  N/A

11.   Bifurcation:  At this time, the Parties do not believe that bifurcation of trial or discovery is appropriate.

12.   Pretrial Conference:  The parties propose that the date for the pretrial conference be set after the Court has issued a ruling on the parties' dispositive motions, or at the Court's convenience.

13.   Trial Date:  The Parties propose that the trial date be set at the final Pretrial conference, or at the Court's convenience.

4

14.     <u>Other Matters</u>:

<u>Electronically Stored Information</u>:     In accordance with Federal Rule of Civil Procedure 26(f)(1), the parties will submit a proposed procedure for discovery of electronically stored information once they have completed their discussions concerning this issue.

Dated: January 8, 2008                          Respectfully submitted,


                                _____s/_____
                                Camilla C. McKinney, Esq.
                                McKinney & Associates, PLLC
                                1100 Fifteenth Street, N.W., Suite 300
                                Washington, D.C. 20005
                                (202) 861-2934/(202) 517-9111 (fax)
                                Attorneys for Plaintiff Wilma Bradley


                                _____/s/_____.
                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                United States Attorney


                                _____/s/_____.
                                RUDOLPH CONTRERAS, D.C. BAR #434122
                                Assistant United States Attorney

                                _____/s/ Robin M. Meriweather_____.
                                ROBIN M. MERIWEATHER, D.C. Bar. # 490114
                                Assistant United States Attorney
                                555 Fourth St., N.W.
                                Washington, D.C.  20530
                                Phone: (202) 514-7198  Fax: (202) 514-8780
                                Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
WILMA L. BRADLEY                        )
)
                 Plaintiff,       )
)
           v.                   ) Civil Action No. 06-2129 (TFH)
)
MICHAEL JOHANNS, SECRETARY     )
UNITED STATES DEPARTMENT        )
OF AGRICULTURE                 )
)
             Defendant.      )
_____)

ORDER

Upon consideration of the parties' Joint Local Rule 16.3 Report, and the entire record herein, it is hereby ORDERED that:

1.                 _____      The case is referred to ADR for a period of 30 days. [Plaintiff's Proposal]

                        _____      The case will be referred to ADR after the conclusion of the discovery.  [Defendant's Proposal]

2.                 Discovery will close on _____.

3.                 The parties' Rule 26(a)(2) reports will be due 100 days after the commencement of discovery on _____.

4.                 The parties shall be limited to 10 depositions and 30 interrogatories per side, although one or both parties may seek leave from the Court to increase this limit at a future time.

5.                 The parties shall file dispositive motions within forty-five (45) days after the close of discovery, any Oppositions shall be filed

forty-five (45) days thereafter; and any Replies filed fifteen (15) days thereafter.

It is so ORDERED this _____ day of _____, 2008.


_____
United States District Judge