UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMA L. BRADLEY<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ED SCHAFER, SECRETARY<br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 06-2129 (TFH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST AMENDED COMPLAINT**

1. Plaintiff Wilma Bradley brings this action for injunctive relief and damages based on the denial of her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (hereafter "ADEA"). The United States Department of Agriculture (hereafter "the Agency" or "Defendant" or "USDA") discriminated against Ms. Bradley based upon her age (DOB 06/09/48) when it selected a younger, less qualified candidate for the Lead Correspondence Review Specialist position and the Lead Program Liaison Specialist position. The Agency further retaliated against Ms. Bradley for engaging in activities protected by the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 (hereafter "Title VII") when it selected a less qualified candidate for the Lead Program Liaison Specialist position.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1343(a)(3), and 1343(a)(4), 42 U.S.C. § 2000e-5, and 29 U.S.C. § 626.

3. The claims asserted herein arose in the District of Columbia which is also the location of the acts relevant to the claims asserted by Ms. Bradley. Venue is appropriate in this Court under 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f)(3).

4. The employment records relevant to such unlawful discriminatory practice are maintained and administered in whole or in part in this judicial district. Moreover, the Agency has its principal office in this district.

## PARTIES

5. Wilma Bradley is currently employed as a Correspondence Review Officer (hereafter "CRO") in the Office of the Executive Secretariat (hereafter "OES").

6. Defendant Ed Schafer is the Secretary for the United States Department of Agriculture ("USDA"). The Secretary is being sued in his official capacity as provided by law based on his executive responsibility for administering USDA personnel policies and his responsibility to enforce and to promote equal employment opportunity throughout the USDA. During the relevant time period, the USDA has employed over 500 employees.

7. Bruce Bundick is not a Defendant in this lawsuit but was named in Ms. Bradley's EEO and EEOC complaints as a discriminatory official. Mr. Bundick is one of the management officials most directly involved in taking adverse actions against

Ms. Bradley because of her age and in reprisal for engaging in protected activities.

## FACTS

8. The averments set forth in paragraphs 1 through 7 are adopted and incorporated herein by reference.

9. Ms. Bradley is a fifty-eight year old African-American female who began working for the federal government in 1978 as a secretary.

10. Ms. Bradley began working at the OES as a Correspondence Analyst in August 1992, a position that later became a Correspondence Review Office ("CRO") at OES in 1992.

11. On or about July 16, 2002, OES posted a position for a Lead Correspondence Review Specialist (hereafter "Lead CRS"), a position created by Mr. Bundick.

12. Mr. Bundick appointed Ms. Tavia Hollenkamp, a former subordinate at the Forest Service, as the Subject Matter Expert ("SME") for the position in question.

13. On or before August 19, 2002, Ms. Bradley submitted her application for the Lead CRS position.

14. On or about February 11, 2003, Ms. Bradley contacted Ms. Dorene Lynnie Jones to inquire about the Lead CRS position. Ms. Jones informed Ms. Bradley that she had not qualified for an interview with the selecting official. Ms. Jones also informed Ms. Bradley that she had not made the best-qualified list. Shocked, Ms. Bradley expressed her surprise, given her long years of service in OES, and inquired as to the ratings that were used to create the best-qualified list. Ms. Jones informed Ms. Bradley that Mr. Bundick had used Ms. Hollenkamp as the

SME and that she had rated a 17 where the highest score was a 27. Ms. Bradley knew right away that something was amiss with the selection process.

15. Shortly thereafter, Mr. Budick began interviewing candidates for the Lead CRS position.

16. On or about March 3, 2003, Ms. Bradley contacted the EEO office to initiate a discrimination complaint. She was aware that, in September 2000, Mr. Bundick had a conversation with Doris Kitchings, the former Deputy Director, about the staff at OES. Mr. Bundick had made a list of employees, the majority of which were the most senior within OES, and indicated that a "clean sweep" of the office was needed.

17. Shortly thereafter, after reviewing the best qualified list for the Lead CRS position, Ms. Jones discovered that the rating score was done improperly. Concerned, she called the SME, Ms. Hollenkamp, and asked her how she'd arrived at her scoring. Ms. Hollenkamp responded that she had developed her own scoring criteria instead of using an approved crediting plan which should have been provided by Mr. Bundick. Curiously, the crediting plan was missing. Ms. Jones directed Ms. Hollenkamp to re-rate the applications based upon the approved crediting plan. She also informed Mr. Bundick that the rating would have to be repeated and a new certificate of eligibles would be distributed.

18. Mr. Bundick ceased the interview process until he received a new certificate of eligibles. Ms. Bradley now suddenly ranked among the "best qualified" and appeared on the certificate of eligibles for the Lead CRS position.

19. On or about March 10, 2003, Cristina Ward of OES called Ms. Bradley to inquire whether she was still interested in the Lead CRS position. Ms. Ward asked Ms. Bradley if she wanted to interview with Mr. Bundick. Ms. Bradley, confident that she was more than qualified for the position, accepted the invitation to interview with Mr. Bundick.

20. On or about April 18, 2003, Mr. Bundick interviewed Ms. Bradley.

21. On or about May 1, 2003, Mr. Bundick informed Ms. Bradley that he had selected an outside candidate, Cynthia Briggs, for the Lead CRS position.

22. Ms. Briggs was younger and far less qualified than Ms. Bradley.

23. Ms. Bradley had extensive correspondence experience, had demonstrated her ability to manage and was considered the "go-to" person by her colleagues. She also had strong leadership skills and had served as Acting Director in the absence of Mr. Bundick. Ms. Bradley was more than qualified for the Lead CRS position and was a far superior candidate than the selectee, Ms. Briggs.

24. Mr. Bundick's selection of a younger candidate was consistent with his previous hirings. From 2000-2003, Mr. Bundick hired twelve new employees. Of those twelve, eleven, or ninety-one percent (91%), were younger than Ms. Bradley.

25. Mr. Bundick's blatant favoritism of younger employees displayed itself at OES frequently. For example:

    a. Mr. Bundick recommended that only two of his youngest staff members, Ngozi Abolarin and Brad Eickholt, both hired in 2001, to receive top security clearances. Ms. Abolarin and Mr. Eickholt were both CROs, the same position held as Ms. Bradley.

    b. Mr. Bundick selected Ms. Abolarin and Mr. Eickholt for special tasks to groom them and to give them an opportunity to become better qualified for future promotions. This favoritism included:

        i. Interviewing candidates for the summer internship program.

        ii. Attending high-level meetings such as the Federal Council of Executive Secretariats, E-Government and the Executive Secretariat.

    c. In or around February 2003, Mr. Bundick selected Ms. Abolarin for an Associate Deputy Director position, a supervisory role, even though she had no management or supervisory experience. She had only been at OES for a little over a year when Mr. Bundick promoted her to this position.

    d. Mr. Bundick approved a detail for Mr. Eickholt to a Writer/Editor position so he could gain experience to fill that same type of position at a later date.

26. On or about June 12, 2003, Ms. Bradley initiated a formal complaint with the EEO office. Shortly thereafter, the EEO office informed Mr. Bundick and Ms. Abolarin of Ms. Bradley's discrimination complaint and they retaliated against Ms. Bradley.

27. On July 15, 2004, Ms. Bradley amended her EEO complaint to include the Agency's retaliatory actions.

28. An EEOC hearing on Ms. Bradley's EEO complaint was held on June 20-21, 2006.

29. On December 14, 2006, Ms. Bradley filed this instant action and her Complaint in this Court alleging discrimination in violation of Title VII and the ADEA.

30. On or about February 26, 2007, OES posted Vacancy Announcement OES-07-096A and re-announced the position under OES-07-096B for a Lead Program Liaison Specialist.

31. On or about March 19, 2007, Ms. Bradley timely submitted her application for the position.

32. The Agency certified Ms. Bradley as being qualified for the position.

33. On or about April 25, 2007, Mr. Bundick selected Ms. Wimbush, a much younger, less qualified applicant for the position instead of Ms. Bradley, in retaliation for Ms. Bradley's prior protected activity and because of her age, despite the fact that Ms. Bradley had more experience and was more qualified for the position than Ms. Wimbush.

34. On April 26, 2007, Ms. Bradley contacted an Agency EEO counselor to begin the process of filing a charge of age discrimination and retaliation.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
**(Non-Selection for the Lead Correspondence Review Specialist Position)**

35. Ms. Bradley re-alleges paragraphs 1 - 34 and incorporates them fully herein.

36. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has discriminated against her on the basis of her age (06/09/48) by denying her employment opportunities, subjecting her to adverse and disparate treatment and denying her the position of Lead Correspondence Review Specialist.  Ms. Bradley further alleges that these acts violate the ADEA,

as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

37. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of promotion opportunities, loss of past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities.

38. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

39. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

<u>**COUNT II**</u>
<u>**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**</u>
**(Non-Selection for the Lead Program Liaison Specialist)**

40. Ms. Bradley re-alleges paragraphs 1-39 and incorporates them fully herein.

41. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has discriminated against her on the basis of her age (06/09/48) by denying her employment opportunities, subjecting her to adverse and disparate treatment and denying her the position of Lead Program Liaison Specialist. Ms. Bradley further alleges that these acts violate the ADEA, as well

as the statutory provisions and regulations that specifically apply to the federal government as an employer.

42. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of promotion opportunities, loss of past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities.

43. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

44. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

### COUNT III
### RETALIATION IN VIOLATION OF THE ADEA
(Non-Selection for the Lead Program Liaison Specialist)

45. Ms. Bradley re-alleges paragraphs 1-44 and incorporates them fully herein.

46. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has retaliated against her for her opposition to Defendant's unlawful employment practices, her participation in protected activity and for filing a Complaint in this Court. As a result of the retaliation, Ms. Bradley has

been subjected to adverse and disparate treatment, including her non-selection for the position of Lead Program Liaison Specialist. Ms. Bradley further alleges that these acts violate the ADEA, as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

47. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities.

48. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

49. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII
**(Non-Selection for the Lead Program Liaison Specialist)**

50. Ms. Bradley re-alleges paragraphs 1-49 and incorporates them fully herein.

51. Ms. Bradley additionally alleges that Defendant, and/or agents or employees acting on its behalf, has retaliated against her for her opposition to Defendant's unlawful employment practices, her participation in protected activity and for

filing a Complaint in this Court. As a result of the retaliation, Ms. Bradley has been subjected to adverse and disparate treatment, including her non-selection for the position of Lead Program Liaison Specialist. Ms. Bradley further alleges that these acts violate Title VII, as well as the statutory provisions and regulations that specifically apply to the federal government as an employer.

52. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered grievous harm to her career and continues to suffer such harm. These injuries and losses include, but are not limited to, loss of past and future salary, benefits and entitlements, loss of professional status and career-enhancing opportunities.

53. As a direct and proximate result of the intentional acts of Defendant and/or agents or employees acting on its behalf, Ms. Bradley has suffered emotional distress, humiliation, pain and anguish, as well as damage to her professional career and reputation.

54. As a consequence of Defendant's actions, Defendant is liable to Ms. Bradley for those damages as well as for attorneys' fees, the costs of this litigation, and accrued interest.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests this Court to:

    A.    Enter judgment for Plaintiff against Defendant on all Counts.

    B.    Declare that the conduct of Defendant is in violation of the Age Discrimination in Employment Act;

C. Declare that the conduct of Defendant is in violation of Title VII of the Civil Rights Act of 1964, as amended;

D. Award Plaintiff equitable relief, such as back pay, front pay, future losses, loss of benefits, and other economic losses and entitlements retroactive to the date of the unlawful action found to have occurred in this case;

E. Order Defendant to promote Plaintiff into the Lead Correspondence Review Specialist position or the Lead Program Liaison Specialist position, or into a comparable GS-12 level position;

F. Enjoin Defendant from future retaliation and discrimination against Plaintiff;

G. Award Plaintiff compensatory damages for the injuries and losses that she suffered in an amount to be proved at trial;

H. Order Defendant to pay all reasonable attorneys' fees, court costs, and expenses incurred by Plaintiff as a result of Defendant's actions and inactions, as well as pre-judgment and post-judgment interest; and

I. Order such other equitable and legal relief as the Court deems necessary and appropriate.

## **JURY DEMAND**

Plaintiff requests a trial by a jury of her peers as to all claims set forth in this Complaint.


Dated: April 9, 2008

                                                Respectfully submitted,


                                                _____/s/_____
                                                Camilla C. McKinney, Esq.
                                                McKinney & Associates, PLLC
                                                1100 Fifteenth Street, N.W., Suite 300
                                                Washington, D.C.  20005
                                                (202) 861-2934 (telephone)
                                                (202) 517-9111 (facsimile)
                                                ***Attorneys for Plaintiff Wilma Bradley***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILMA L. BRADLEY Plaintiff, v. ED SCHAFER, SECRETARY UNITED STATES DEPARTMENT OF AGRICULTURE Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 06-2129 (TFH)

**NOTICE OF AMENDED COMPLAINT**

Plaintiff Wilma Bradley hereby respectfully provides notice of Plaintiff's First Amended Complaint. A Motion to Amend the Complaint is not required because the Defendant has not yet filed a responsive pleading. See FRCP 7(a), which defines a pleading, and FRCP 7(b), which treats motions separately. See also Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000)(a motion to dismiss is not a pleading); Principal Health Care of Louisiana, Inc. V. Lewer Agency, Inc., 38 F.3d 240, 244 (5th Cir. 1994)(a motion for summary judgment is not a pleading).

Accordingly, Plaintiff is filing her First Amended Complaint pursuant to FRCP 15(a) which provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."

Dated: April 9, 2008

Respectfully submitted,

_____/s/_____
Camilla C. McKinney, Esq.
McKinney & Associates, PLLC
1100 Fifteenth Street, N.W., Suite 300
Washington, D.C. 20005
(202) 861-2934 (telephone)
(202) 517-9111 (facsimile)
***Attorneys for Plaintiff Wilma Bradley***

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2008, I caused a true and correct copy of the foregoing Notice of First Amended Complaint to be served electronically, via CM/ECF, to:

Christian A. Natiello
Assistant United States Attorney
Department of Justice
555 Fourth Street, N.W., Room E4112
Washington, D.C. 20530
(202) 307-0338
Christian.Natiello@usdoj.gov

_____/s_____
Camilla C. McKinney